| HILDA FOBB, TRINETTE | * | NO. 2023-C-0238 |
| SMITH, JUANISHA | | |
| WINCHESTER, RAVAUGHN | * | |
| HARRIS, PRECIOUS DIAZ, | | COURT OF APPEAL |
| AND QUINTOSHA WISHEM | * | |
| | | FOURTH CIRCUIT |
| VERSUS | * | |
| | | STATE OF LOUISIANA |
| STERICYCLE, INC. | * * * * * * * | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-08066, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Chief Judge Terri F. Love**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Daniel L. Dysart, Judge
Paula A. Brown)

**DYSART, J., DISSENTS**

Misha M. Logan-Johnson
Donald E. McKay
Stefini W Salles
Leila A. D'Aquin
LEAKE & ANDERSSON LLP
1100 Poydras Street, Suite 1700
New Orleans, LA  70163

COUNSEL FOR RELATOR


Vanessa Motta
MOTTA LAW FIRM, LLC
3632 Canal Street
New Orleans, LA  70119

COUNSEL FOR RESPONDENT

**WRIT GRANTED; RELIEF DENIED**
**APRIL 26, 2023**

Relator, Stericycle, Inc., seeks review of the trial court's March 8, 2023 judgment which granted the motion for sanctions for spoliation of evidence ("spoliation motion") of Plaintiffs, Hilda Fobb, Trinette Smith, Juanisha Winchester, Ravaughn Harris, Precious Diaz, and Quinosha Wishem.

The underlying litigation results from a lawsuit filed by Plaintiffs arising out of a vehicular accident with Relator's employee. Plaintiffs contend that Relator completed an original "Vehicle Accident Report" report ("the original accident report") immediately after the accident. The original accident report questioned whether Relator's employee was at fault. Thereafter, in response to additional discovery demands submitted in June 2022, Relator produced another incident report ("the supplemental report") which did not include any information on its employee fault in causing the accident. Plaintiffs' spoliation motion contended that Relator intentionally destroyed the original accident report. Relator countered that notwithstanding the removal of the question regarding its driver's fault in the supplemental report, it had provided Plaintiffs with all the data from the original accident report.

1

The trial court found that Relator intentionally destroyed evidence. Finding no abuse of discretion in the trial court's finding that Relator destroyed relevant evidence, we grant Relator's writ application; however, we deny Relator's request for relief.

## STANDARD OF REVIEW

A trial court has great discretion in sanction matters. *See Banks v. Progressive Paloverde Insurance Company*, 2022-0151, p. 5 (La. App. 4 Cir. 9/30/22), 350 So.3d 952, 956. The standard of review for a trial court's decision to grant an adverse presumption for spoliation of evidence is whether the trial court abused its discretion. *Bancorp South Bank v. Kleinpeter Trace, L.L.C.*, 2013-1396, p. 39 (La. App. 1 Cir. 10/1/14), 155 So.3d 614, 640.

## DISCUSSION

This Court has long recognized the concept of intentional spoliation of evidence. *Kammerer v. Sewerage and Water Bd. of New Orleans,* 1993-1232 (La. App. 4 Cir. 3/15/94), 633 So.2d 1357; *Everhardt v. La. Dept. of Transp. and Dev.,* 2007-0981 (La. App. 4 Cir. 2/20/08); 978 So.2d 1036; *Tsegaye v. City of New Orleans,* 2015-0676 (La. App. 4 Cir. 12/18/15), 183 So.3d 705. Under this Court's jurisprudence, spoliation of evidence refers to the intentional destruction of the evidence for the purpose of depriving the opposing party of its use at trial. *Everhardt,* 2007-0981, p. 7, 978 So.2d at 1044. The remedy for spoliation is that the court may either exclude the spoiled evidence or allow the jury to infer that the spoiled evidence was unfavorable to the spoliator's case. *Id.* Before either remedy may be applied, the party having control of the evidence must have had an obligation to preserve it at the time it was destroyed. *Id.* This duty arises when the party has notice that the evidence is relevant to the litigation. *Id.* Once the court

2

concludes that a party was obliged to preserve the evidence, it must consider whether the party intentionally destroyed the evidence and the likely contents of the evidence. *Id.*

Relator opposed Plaintiffs' motion for adverse interest of spoliation of evidence by relying on an affidavit from Jennifer Hoisington, its Director of EHS Systems. Ms. Hoisington's affidavit stated that Relator stored its accident reports on a SEMS data collection platform maintained by Applications International Corporation, Inc. ("AIC") and that it did not keep paper copies. She averred that the forms are sometimes revised for clarity. Ms. Hoisington asserted that most of the revisions could only be made by AIC; however, acknowledged that AIC made the changes as requested by Relator's system administrators. Ms. Hoisington's affidavit noted that Relator's Director of EHS Fleet Program requested that Ms. Hoisington remove the question "Company Driver at fault?" from the original accident report and that any answers to the original question had been deleted and could not be retrieved. Ms. Hoisington further attested that the original accident report was saved as a "pdf" before any changes were made and that the substance of that report was copied and provided to Plaintiffs in response to plaintiffs' discovery demands. Hence, Relator contended that although there had been updates in its data collection system, there was no spoliation of evidence because Relator had provided Plaintiffs with all data that had been collected from the original accident report.

In granting Plaintiffs' spoliation motion, the trial court cited the attestations made in Ms. Hoisington's affidavit. The trial court specifically found that the original vehicle report was changed, notwithstanding Relator's knowledge that a crucial issue in the underlying litigation was the liability of Relator's employee. The trial court included the following in its reasons for judgment:

3

[t]he evidence demonstrates that while this case has been pending and liability has been contested, Defendant, Stericycle, Inc. has been engaged in the practice of changing its Vehicle Accident Incident Report and has completed deleted the question "Company driver at fault?" without keeping the original version of the Report. And, according to Ms. Hoisington, there is no way to access the original Report at this point. Instead, opposing counsel has to rely on Ms. Hoisington's assertion that the original Report was the same as the September 25, 2018 Report. Furthermore, the evidence demonstrates that Defendant failed to disclose this practice to Plaintiffs. Instead, it was through Plaintiffs' counsel's diligence that the discrepancies were noted and brought before the court and then once they were discovered, Defendant[s] attempted [to] blame Plaintiffs' counsel.

## CONCLUSION

Based on the foregoing, we find the trial court did not abuse its discretion in granting Plaintiffs' spoliation motion based on the trial court's determination that Relator intentionally destroyed evidence. Accordingly, we grant Relator's writ application and deny Relator's request for relief.

**WRIT GRANTED; RELIEF DENIED**